IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GUNDERSON, INC.,
an Oregon corporation,

        Plaintiff,

        v.

DAVIS-FROST, INC.,
a Minnesota corporation,

        Defendant.

No. CV 05-699-MO

OPINION & ORDER

**Mosman, J.**,

On September 17, 2007, I held oral argument on defendant's Motion for Summary Judgment (#49). Following my decision at oral argument, the only remaining issue is plaintiff's indemnity claim. Because plaintiff fails to present sufficient evidence on this claim, I GRANT summary judgment.

## DISCUSSION

Plaintiff argues that the applicable standard for an indemnity claim is "implied warranty indemnity" as outlined by *Bellevue South Associates v. HRH Construction*, 579 N.E.2d 195 (N.Y. 1991). Pl.'s Mem. in Opp. to Def.'s M. for Summ. J. at 29-30. Defendant argues that Oregon has not adopted "implied warranty indemnity." Def.'s Reply Mem. in Supp. of Def.'s M. for Summ. J. at 19-20. Defendant is correct.

The applicable standard for indemnity under Oregon law is outlined in *Fulton Ins. v.*

*White Motor Corp.*, 493 P.2d 138 (Or. 1972), *superseded by rule in part on other grounds as recognized in Waddill v. Anchor Hocking, Inc.*, 8 P.3d 200 (Or. 2000). In a claim for indemnity, "the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter." *Id.* at 140-41 (citations omitted). A recent Oregon Court of Appeals case, *Moore Excavating, Inc. v. Consol. Supply Co.*, 63 P.3d 592 (Or. Ct. App. 2003), applied these requirements to facts very similar to this case. In *Moore Excavating*, Moore installed a water system for Aspen Meadows, LLC, using pipes and glue it purchased from Consolidated Supply Co. *Id.* at 594. After installation, the system began to leak, and Moore and Aspen entered into a settlement agreement in which Moore paid Aspen a sum of money. *Id.* Moore subsequently sued Consolidated for indemnity, arguing that the pipes and glue were faulty or defective. *Id.* Although the analysis in *Moore Excavating* focused on the first of the three requirements, the court stated that a claim for indemnity must satisfy each requirement and concluded that Moore had not met this burden. *Id.* at 595-96.

The relevant facts of the dispute between plaintiff and defendant are almost identical to the facts of *Moore Excavating*; thus, the three requirements outlined in *Fulton* apply. In the current dispute, plaintiff admits that TTX and Pacer are not in privity with Davis-Frost.[1] Rough Transcript of Oral Argument at 17, *Gunderson, Inc. v. Davis-Frost, Inc.*, CV 05-699-MO (Dist.

---

[1] Privity is necessary to support an action where only economic injury is alleged. *Colvin v. FMC Corp.*, 604 P.2d 157, 160 (Or. Ct. App. 1979) (citing *State ex rel. W. Seed v. Campbell*, 442 P.2d 215 (Or. 1968); *Hupp v. Metered Washer Service*, 472 P.2d 816 (Or. 1970); *Davis v. Homasote Co.*, 574 P.2d 1116 (Or. 1978)). "[T]o allow a nonprivity warranty action to vindicate every disappointed consumer would unduly complicate the code's scheme, which recognizes the consensual elements of commerce." *W. Seed*, 442 P.2d at 217.

Or. Sept. 17, 2007). Consequently, the second requirement is not met—*i.e.*, Davis-Frost is not "also liable to the third party"—and Gunderson does not have a claim for indemnity under Oregon law.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment on plaintiff's indemnity claim is GRANTED.

IT IS SO ORDERED

DATED this  24th  day of October, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge